UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------x
NANCY J. DALRYMPLE,
          Plaintiff,

v.                                                 Civil Action No.

TOWN OF WINTHROP,
          Defendant.
---------------------------------------------------x

COMPLAINT
(Jury Trial Demanded)

Parties

1.    The plaintiff, Nancy Dalrymple, is a citizen of Massachusetts and a resident of Winthrop, Suffolk County.

2.    The defendant, Town of Winthrop (the "Town"), is a municipal corporation organized under the laws of the Commonwealth of Massachusetts.

Jurisdiction and Venue

3.    This action arises under 42 U.S.C. §2000e, et seq., and M.G.L. c. 151B §4.

4.    Federal question jurisdiction is invoked pursuant to 28 U.S.C. §1331.

5. Supplemental jurisdiction over Plaintiff's state-law claims is invoked pursuant to 28 U.S.C. §1367.

6. Venue is proper pursuant to 28 U.S.C. §1391(b), as the events giving rise to these claims occurred in the District

7. The plaintiff has met all administrative prerequisites by filing a timely charge of discrimination with the Massachusetts Commission Against Discrimination ("MCAD"), which was cross-filed with the Equal Employment Opportunity Commission ("EEOC"), MCAD Docket No. 11-BEM-02021 and EEOC Charge No. 16C-2011-02568. On January 7, 2013, the plaintiff received notice of her Right to Sue.

Facts

8. Nancy J. Dalrymple, the plaintiff, has been a police officer of the defendant Town of Winthrop (sometimes hereafter "the Town") since 1980. She was the first woman hired as a permanent police officer by the Town.

9. Throughout her more than thirty-year career as a police officer, the plaintiff has demonstrated a persistent and unwavering commitment to opposing employment discrimination and retaliation in the workplace.

10. In 1989, the plaintiff filed a charge of sex discrimination against the Town with the Massachusetts Commission Against Discrimination ("MCAD"). The plaintiff received a finding of probable cause, and the matter proceeded to a public hearing, at which the hearing officer found that the

Town had discriminated against her, and awarded her $25,000 in damages for emotional distress. *Dalrymple v. Town of Winthrop*, 15 MDLR 1473 (1993). The Town appealed the hearing officer's finding to the full Commission. *Dalrymple v. Town of Winthrop*, 18 MDLR 172 (1996); *Town of Winthrop v. MCAD et al.*, 20 MDLR 179 (1998). The full Commission upheld the hearing officer's damage award. *Town of Winthrop v. Nancy Dalrymple et al.*, 23 MDLR 25 (2000).

11. In 1992, the plaintiff filed another charge of discrimination with the MCAD, alleging sex discrimination and retaliation. In 1995, that charge was filed as an action in the Superior Court of Massachusetts against the Town, alleging sex discrimination and retaliation. After trial, a jury awarded the plaintiff $575,000, consisting of compensatory damages of $275,000 and punitive damages of $300,000. The trial court refused to reduce the award, the Massachusetts Appeals Court affirmed, and the Supreme Judicial Court refused review. *Dalrymple v. Town of Winthrop*, 50 Mass. App. Ct. 611, 740 N.E.2d 204 (2000), review denied, 434 Mass. 1101, 751 N.E.2d 418 (2001).

12. Following the conclusion of her suit, the plaintiff sought to be promoted to the rank of sergeant. She took the applicable Massachusetts civil service examination on at least four occasions, and was ranked eligible for promotion on at least four civil service promotional lists. However, the Town repeatedly failed and refused to promote the plaintiff. In her stead, the Town

promoted male police officers or left a sergeant's position unfilled by letting promotional lists expire.

13. As a result of the defendant's repeated refusal to promote her, the plaintiff filed several more charges with the MCAD, Docket Nos. 02-BEM-03751; 05-BEM-01174; and 05-BEM-02944. These matters remain pending before the Commission.

14. On September 26, 2006, the plaintiff suffered an injury while on duty. As a result of her injury the plaintiff was out work through April 2007; she would have returned earlier, but the Town's refused to permit her to return to work on a light duty basis, in contrast to the treatment it accorded male officers and officers who had not made complaints of discrimination and/or retaliation against the Town,. After being ordered to do so, she returned to work on full duty on April 27, 2007. Several weeks later, she was forced to go out on sick leave due to exacerbation of her original injury. The plaintiff attempted to return to work at the end of October 2007, but before it would allow her to return to work, the Town ordered the plaintiff to undergo a fitness for duty examination. After being examined by a doctor chosen by the Town, the Town demanded that she provide the doctor with an overly-broad, general release that would have permitted him to release any and all of her medical information to the Town, including personal medical information that was not pertinent to her fitness for duty. Because she refused to provide a release that

would have revealed all of her medical information to the Town, the plaintiff was suspended for five days, beginning on or about January 8, 2008, after which time she was placed on indefinite unpaid administrative leave.

15.   On or about February 7, 2008, while out on administrative leave, the plaintiff filed a Charge of Discrimination with the MCAD and EEOC concerning the Town's treatment of her from September 2006 through February 2008.  The 2008 Charge is the subject of a separate action, *Dalrymple v. Town of Winthrop*, Civil Action No. 1:12-cv-10295-RWZ.

16.   On or about September 23, 2010, the plaintiff agreed to release her medical information to the Town, and she attempted to return to work, but the Town did not permit her to return and did not return her to its payroll.

17.   Despite agreeing to provide a release in September 2010, the plaintiff was prevented from returning to work until December 23, 2010, and then only after she took and passed a functional-capacity examination ordered by the Town.

18.   On or about August 11, 2011, the plaintiff filed a Charge of Discrimination with the MCAD and EEOC (see paragraph 7, above), alleging that the Town's delay in permitting her to return to work in 2010 was motivated by her earlier complaints of unlawful treatment.

19.   The Town's treatment of the plaintiff differed from the manner in which it treated male police officers and/or officers who had not made claims

of employment discrimination or retaliation, because upon information and belief, no male police officer and/or officer who had not filed claims against the Town for employment discrimination or retaliation was prohibited from returning to work for several months after being cleared to do so.

20. The Town treated the plaintiff differently than it treated other, comparable officers because of her sex, and in retaliation for her complaints of unlawful treatment.

## CLAIMS

### COUNT I
(For retaliation, in violation of Title VII, 42 U.S.C. §2000e-3)

The plaintiff reiterates the allegations of the foregoing paragraphs 1 through 20 and incorporates them by reference herein.

21. As more particularly described above, the Town unlawfully retaliated against the plaintiff for opposing employment discrimination and retaliation in the workplace.

22. By its conduct, as more particularly described above, the Town retaliated against the plaintiff, violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-3 by, *inter alia*, prohibiting her from returning to work until December 23, 2010/or otherwise retaliating against her because she opposed gender discrimination and retaliation in the workplace.

23. The Town's retaliatory conduct, as more particularly described above, was intentional, and was done with malice or with reckless indifference to the plaintiff's federally protected rights. The plaintiff has been damaged by the Town's acts and omissions.

24. The Town is liable to the plaintiff for the violations set forth above.

## COUNT II
(For retaliation, in violation of G.L. c. 151B, §4(4))

The plaintiff reiterates the allegations of the foregoing paragraphs 1 through 24, and incorporates them by reference herein.

25. As more particularly described above, the Town unlawfully retaliated against the plaintiff for opposing employment discrimination and retaliation in the workplace.

26. By its conduct, as more particularly described above, the Town retaliated against the plaintiff and violated G.L. c. 151B, §4(4) by, *inter alia*, preventing her from returning to work until December 23, 2010 and/or otherwise discriminating against the plaintiff because she opposed gender discrimination and retaliation in the workplace.

27. The retaliation described above was intentional, outrageous and egregious.

28. The plaintiff has been damaged by the Town's acts and omissions.

29. The Town is liable to the plaintiff for the violations set forth above.

**WHEREFORE**, Plaintiff prays the court to:

a. Award her damages under Count I, according to law.

b. Award her damages under Count II, according to law.

c. Award her punitive damages for the intentional violations of 42 U.S.C. §2000e, *et seq.,* that were done with malice or with reckless indifference, set forth above, as provided by law.

d. Award her punitive damages for the outrageous and egregious violations of G.L. c. 151B set forth above, as provided by law.

e. Award her interest, as provided by law.

f. Award her her costs and reasonable attorneys' fees for the bringing and arguing of this matter, as provided by law.

i. Grant such additional relief as the court deems reasonable and proper.

## DEMAND FOR JURY TRIAL

The plaintiff demands a jury trial on all applicable issues.

April 2, 2013

Respectfully submitted,

Nancy Dalrymple,
Plaintiff
By her attorneys,

*/s/ Beth R. Myers*
Jonathan J. Margolis
BBO #319980

jmargolis@theemploymentlawyers.com
Beth R. Myers
BBO# 676043
beth@theemploymentlawyers.com
Rodgers Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108
(617) 742-7010

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document(s), filed through the ECF system, will be served electronically upon all registered participants as identified in the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered parties this 2nd day of April 2013.

/s/ *Beth R. Myers*
Beth R. Myers